IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                   Case Nos.:    1:10cr20/RH/GRJ
                                                    1:16cv203/RH/GRJ

RODNEY TERRELL JACKSON

---

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Petitioner's amended "Motion
under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
person in Federal Custody."   (ECF No. 51.)   The Government has filed a
response (ECF No. 54) and Petitioner has filed a reply.    (ECF No. 57.)
The case was referred to the undersigned for the issuance of all preliminary
orders and any recommendations to the district court regarding dispositive
matters.    *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed.
R. Civ. P. 72(b).    After a review of the record and the arguments
presented, the Court concludes that Petitioner has not raised any issue
requiring an evidentiary hearing and that the § 2255 motion should be
denied.    *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND and ANALYSIS

Petitioner pleaded guilty "straight up" to a three-count indictment charging him with possession with intent to distribute 5 grams of cocaine base, cocaine and marijuana, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a previously convicted felon.   (ECF No. 26.)   There was no written plea agreement, and Petitioner did not appeal, so the record does not contain a transcript of the change of plea proceeding.

Before Petitioner entered his plea, the Government filed a Notice of Prior Convictions, identifying three prior felony controlled substance offenses.   (ECF No. 16.)   Because of these three offenses---sale of cocaine, possession of cannabis with intent to sell, and sale of cocaine within 1000 feet of a place of worship---Petitioner was classified as a career offender in the Presentence Investigation Report ("PSR").   (ECF No. 40, PSR ¶ 24.)   His total offense level on Counts One and Three was 31, and his criminal history category was VI.   (ECF No. 40, PSR ¶¶ 24-26, 39.) The applicable guidelines range, including the five-year statutory mandatory sentence on Count Two, was 262 to 327 months.   (ECF No.

Case Nos.: 1:10cr20/RH/GRJ; 1:16cv203/RH/GRJ

40, PSR ¶¶ 77, 78.)    The court sentenced Petitioner to a total term of 120 months imprisonment. (ECF Nos. 42, 43.)    Neither Petitioner nor the Government appealed.

Petitioner filed his initial § 2255 motion in June of 2016.    (ECF No. 49.)    In his amended motion, he raises a single claim for relief.    He asserts that he no longer qualifies as a career offender because "a guilty plea for a felony for which adjudication was withheld does not qualify as a conviction."    (ECF No. 51 at 4, 14.)    He maintains that the motion was timely filed because it was filed within one year of the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act.    (ECF No. 51 at 12.)

In support of his position Petitioner cites *United States v. Jenkins,* Case No. 13-15874, May 11, 2016.    The Eleventh Circuit issued two opinions in Case No. 13-15874 on May 11, 2016.    Both are styled as *United States v. Clarke.    See United States v. Clarke,* 822 F.3d 1213 (11th Cir. 2016); *United States v. Clarke*, 649 F. App'x 837 (11th Cir. 2016).

Case Nos.: 1:10cr20/RH/GRJ; 1:16cv203/RH/GRJ

Clarke was Jenkins' co-defendant.   As discussed below, neither opinion affords Petitioner relief.

Petitioner's career offender designation was based on three prior convictions.   The PSR reflects that Petitioner pled nolo contendere and adjudication was withheld as to the felony charges of sale of cocaine (PSR ¶ 33) and possession of cannabis with intent to sell or deliver (PSR ¶ 34). Petitioner also pled nolo contendere, but was adjudicated guilty of the offense of sale of cocaine within 1000 feet of a place of worship (PSR ¶ 36).

In its reported opinion in *Clarke*, the Eleventh Circuit Court found that a defendant's prior Florida guilty plea for which adjudication was withheld, did not qualify as a "conviction" under a Florida statute proscribing the possession of firearms by convicted felons, and therefore could not provide the basis for a federal conviction pursuant to 18 U.S.C. § 922(g)(1). *Clarke*, 822 F.3d at 1214-1215.   Petitioner's conviction of sale of cocaine within 1000 feet of a place of worship is a first-degree felony under Florida law. *See* §§ 893.03(2)(a)4; 893.13(e)1, Florida Statutes.   The Florida court

did not withhold adjudication in that case, and thus it properly supported a federal conviction for unlawful possession of a firearm by a convicted felon.

In the unreported *Clarke* opinion, the Eleventh Circuit rejected the defendant's argument that the fact that adjudication was withheld and he received a suspended sentence in a prior case meant that the prior case could not be considered by the federal sentencing court. *Clarke*, 649 F. App'x at 849. The court noted its prior precedent holding that "a prior state court nolo plea in which adjudication was withheld can be used as a conviction to make the defendant eligible for career-offender status under the Sentencing Guidelines." *Clarke*, 649 F. App'x at 849 (citing *United States v. Fernandez*, 234 F.3d 1345, 1347 (11th Cir. 2000); *see also United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995) (noting that a nolo plea with adjudication withheld supports an enhanced sentence under § 841(b)(1)(B)). Thus, the unreported *Clarke* opinion supports the Court's determination that Petitioner qualified as a career offender.

Petitioner's argument that his motion was timely filed relies upon the argument that the analysis in *Johnson* applies to similar language in the career offender provision of the Sentencing Guidelines. This position is

foreclosed by the Supreme Court's decision in *Beckles v. United States*

137 S.Ct. 886 (2017), which was decided after Petitioner filed the instant

motion. Petitioner's citation to *Johnson,* which has no bearing on his case,

does not provide the basis for reopening his sentence.

Petitioner's § 2255 motion, therefore, is both untimely and without

merit and should be denied without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of

appeal must still be filed, even if the court issues a certificate of

appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of

the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529

U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 51) should be **DENIED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 22nd day of March, 2018.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge




Case Nos.: 1:10cr20/RH/GRJ; 1:16cv203/RH/GRJ

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 1:10cr20/RH/GRJ; 1:16cv203/RH/GRJ